UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZACHARY TAYLOR, SR,

        Plaintiff,

v.     Civil Case No. 3:17-cv-9

EQUIFAX INFORMATION SERVICES, LLC,

Serve: Corporation Service Company, Reg. Agent
       Bank of America Center, 16th Floor
       1111 East Main St.
       Richmond, VA 23219

        Defendant.

## COMPLAINT

The Plaintiff, Zachary Taylor, and for his Complaint against the Defendant, he states as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2. Equifax, one of the "Big 3" consumer reporting agencies, has a long history of consumer complaints and lawsuits alleging (and establishing) that it unreasonably mixes the credit files and information of one consumer with the credit reports of another consumer. In this case, representative of numerous others, Equifax combined or mixed the credit files of the Plaintiff with his son, resulting in a judgment appearing in Plaintiff's credit report that belonged to his son, Zachary Taylor, Jr. Equifax included this information in Plaintiff's report even though

his lender requested a report for Zachary Taylor, Sr. and the judgment was entered against Zachary Taylor, Jr.

## JURISDICTION

3.  The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this District and Division.

## PARTIES

4.  Plaintiff is a natural person and resident of Henrico, Virginia. Plaintiff is a consumer as protected and governed by the FCRA.

5.  Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6.  Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

7.  On or around April 27, 2016, Plaintiff applied for a mortgage loan with NVR, Inc. ("NVR").

8.  As part of this process, NVR requested a copy of Plaintiff's credit reports from Equifax via a "reseller," i.e., a company that specializes in the assembly of information in the databases of Equifax, Experian and Trans Union for the purpose of reselling the information to

mortgage companies.

9. In response, Equifax attributed an outstanding judgment against Plaintiff in the amount of $1,242.

10. This information was inaccurate as the judgment was taken against Plaintiff's son, Zachary Taylor, Jr.

11. Upon information and belief, this inaccurate reporting was caused by Equifax failure to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the consumer reports it published and maintained regarding Plaintiff.

12. If Equifax had reasonable procedures, it would have not included a judgment against "Zachary Taylor, Jr." in the credit report for "Zachary Taylor, Sr."

13. However, upon information and belief, despite multiple lawsuits and complaints notifying Equifax of the inadequacies of its procedures, Equifax continues to use lax thresholds and overly broad matching criteria to match public record data to the consumer reports that it furnishes to third parties.

14. In addition to the April 27, 2106 report furnished to NVR, Equifax also published this inaccurate information to City Worth Mortgage, LLC when Plaintiff applied for a mortgage in August 2016.

### Equifax's Double Standard and Willful Misconduct

15. Equifax has substantial notice and knowledge of the "mixed file" problems and failures of its business procedures and systems.

16. As early as 1992, the Attorneys General of eighteen states were forced to file a lawsuit against Equifax because of its conduct in connection with mixing consumer credit files. The lawsuit resulted in an Agreement of Assurances between the attorneys general relating to

Equifax's responsibilities to prevent mixed files.

17. Only three years after the Agreement of Assurances, the Federal Trade Commission ("FTC") brought another enforcement action due to Equifax's widespread violations of the FCRA, including the creation of mixed files and then furnishing them to users who did not have a permissible purpose to view the information of the consumer. *In the Matter of Equifax Credit Information Services, Inc.*, 12 F.T.C. 577 (Aug. 14, 1995). This enforcement action resulted in a consent order between Equifax and the FTC that sets forth certain procedures to prevent mixed files and to conduct reinvestigations as required by the FCRA.

18. Despite the 1992 Agreement of Assurances and the 1995 Consent Order, Equifax's computer system causes these mixes because it does not require or use full identifying information for a potential credit grantor's inquiry even when unique identifiers such as a full social security number are present. It does this in order to sell more credit reports.

19. Equifax knows that their computer system causes one individual's credit report to be confused with another individual's credit report causing a "mixed file".

20. Equifax has been sued repeatedly for failing to prevent mixed consumer files, including the $18.6 million verdict on July 26, 2013 in *Miller v. Equifax Information Services*, LLC, 3:11-cv-1231 (D. Or. 2011) (Docket No. 79).

21. The verdict from Oregon is not the only multi-million dollar verdict against Equifax in a mixed file case. In November 2007, a jury found in favor of another consumer and awarded her $219,000 in actual damages and $2.7 million in punitive damages. *Williams v. Equifax Information Solutions, LLC*, No. 48-2003-CA-9035-O (Orange County 2007).[1]

---

[1] Consumer Victory: Equifax Must Pay $ 2.9 million for Mixing Up Credit Files, The Consumer Advocate, Vol. 14, No. 1, National Association of Consumer Advocates (Jan.-Mar. 2008), at 14;

22. These cases are representative of numerous other lawsuits around the country where Equifax has been sued for failing to prevent mixed consumer files. *See, e.g.*, *Apodaca v. Discover Financial Services*, 417 F. Supp. 2d 1220 (D.N.M. 2006).

23. Numerous cases alleging a mixed file and/or a failure to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains have also been brought in this Circuit. *See e.g.*, *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235 (4th Cir. 2009); *Sloane v. Equifax Info Servs.*, 510 F.3d 495 (4th Cir. 2007); *Abraham Lopez, Jr., v. Trans Union, LLC,* Civil Action No. 1:12-cv-902 (E.D. Va. 2012); *Alejandro Lopez, Sr. v. Trans Union, LLC*, Civil Action No. 1:12cv1325 (E.D. Va. 2012); *Chaudhary v. Experian Info. Solutions, Inc.*, Civil No. 3:13-cv-577 (E.D. Va. 2013); *Valdez-Estep v. Equifax Info. Servs.*, Civil No. 1:13-cv-00007 (E.D. Va. 2016); *Kang v. Equifax Info. Servs.*, Civil No. 1:15-cv-01406 (E.D. Va. 2015); *Moulvi v. Equifax Info. Servs.*, Civil No. 1:15-cv-01073 (E.D. Va. 2015); *Barclay v. Equifax Info. Servs.*, Civil No. 1:15-cv-00691 (E.D. Va. 2015); *Robinson-Huntley v. Equifax Info. Servs.*, Civil No. 1:15-cv-00626 (E.D. Va. 2015).

24. Equifax knowingly chooses to ignore these notices of its mixed file problems. It does so even though it already possesses a simple, easy and inexpensive means to correct and avoid the problem.

25. Despite these lawsuits and multi-million dollar verdicts, Equifax has not significantly modified its procedures to assure that the credit reports that it prepares, publishes, and maintains are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

26. Upon information and belief, Equifax has not, and does not intend, to modify its

---

Consumer Wins Fight For Credit Report Accuracy, Privacy Times, Dec. 6, 2007.

procedures to comply with this section of the FCRA because compliance would drastically increase its operating expenses and may result the loss of certain customers.

27. Defendants' failure to modify their procedures caused substantial harm to Plaintiff, including denial of a mortgage loan.

## COUNT ONE:
### (Violation of 15 U.S.C. § 1681e(b))

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

30. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to: mortgage denials, damage to his credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration.

31. Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

Respectfully Submitted,
**ZACHARY TAYLOR**

By: __/s/ Kristi C. Kelly_____
Counsel

Kristi Cahoon Kelly, VSB #72791
Camille A. Crandall, VSB #74619
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7570 – Telephone
(703) 591-0167 – Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: ccrandall@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for Plaintiffs*